No. 13-2353 EA

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA                              *APPELLEE*

VS.

JIMMY ADAMS                                           *APPELLANT*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

The Honorable Brian S. Miller
United States Chief District Judge

**BRIEF FOR APPELLANT**
(Pursuant to *Anders v. California*)

JENNIFFER HORAN
FEDERAL PUBLIC DEFENDER

JUSTIN EISELE
Assistant Federal Public Defender

By:   CHELSEA WILSON CASH
      Appellate Lawyer
      1401 W. Capitol, Suite 490
      Little Rock, AR 72201
      chelsea_cash@fd.org

# SUMMARY AND WAIVER OF ORAL ARGUMENT

This appeal in a criminal case seeks to vacate Jimmy Adams's sentence and have his case remanded for resentencing. He entered a guilty plea to one count of conspiring to possess with intent to distribute and to distribute 50 grams or more of methamphetamine. The district court imposed a term of imprisonment at the high end of the advisory guidelines sentencing range. Mr. Adams asserts the sentence is unreasonable.

Given the factual circumstances and the settled law in this Circuit, this brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel's professional judgment is that no non-frivolous issues exist for appeal. However, counsel submits the instant appeal in order to protect Mr. Adams's appellate rights.

Counsel's motion to withdraw accompanies this appeal. Counsel respectfully waives oral argument.

# TABLE OF CONTENTS

**Item**                                                                                               **Page(s)**

Summary and Waiver of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    The Sentence Imposed is Substantively Unreasonable . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service/Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Gall v. United States*, 552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Rita v. United States*, 551 U.S. 338 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Jones*, 507 F.3d 657 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Linderman*, 587 F.3d 896 (8th Cir. 2009) . . . . . . . . . . . . . . . 8, 9

*United States v. Luleff*, 574 F.3d 566 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Martinez*, 557 F.3d 597 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . 8

*United States v. Merrival*, 521 F.3d 889 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . 8

*United States v. Tobacco*, 428 F.3d 1148 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . 9

**Statutes**

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Rules**

Fed. R. App. P. (FRAP) 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# JURISDICTIONAL STATEMENT

This is an appeal from a final judgment in a criminal case from the United States District Court for the Eastern District of Arkansas. Specifically, the Appellant, Jimmy Adams, is appealing the reasonableness of his within-guidelines range sentence. The district court's Judgment was filed on June 14, 2013. A notice of appeal was filed timely on June 19, 2013. The district court's jurisdiction stemmed from 18 U.S.C. § 3231.

This Court possesses jurisdiction in this case pursuant to 28 U.S.C. § 1291, giving the Court jurisdiction over all final decision of the district courts of the United States. *See* FED. R. APP. P. 4. Mr. Adams brings this appeal as a matter of right from the district court's final judgment in this case. FED. R. APP. P. 4(b)(1)(A)(i).

# ISSUE PRESENTED FOR REVIEW

**I.  The sentence imposed is substantively unreasonable.**

After review of the record, appointed counsel for Mr. Adams cannot ascertain any issues that merit this Court's review on appeal. However, in order to protect fully Mr. Adams's rights, counsel discusses the possible issue of whether the sentence imposed is substantively unreasonable.

Apposite Cases

*Anders v. California*, 386 U.S. 738 (1967)

*Gall v. United States*, 552 U.S. 38 (2007)

# STATEMENT OF THE CASE

The Appellant, Jimmy Adams, pleaded guilty to conspiring to possess with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Mr. Adams sought a sentence at the low end of the undisputed advisory guidelines range. The district court considered the request and reviewed Mr. Adams's history and characteristics. After hearing arguments from counsel and from Mr. Adams himself, the district court imposed a sentence of 175 months in the Federal Bureau of Prisons, with five years of supervised release to follow. This timely appeal follows seeking vacation of the sentence and remand for resentencing.

## STATEMENT OF FACTS

On July 11, 2012, Jimmy Adams was charged via a second superseding indictment with conspiring to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Docket Entry # 112). Mr. Adams's plea-and-sentencing hearing was held on June 14, 2013. (DE # 223).

After determining that there were no objections to the presentence report (PSR), the court adopted it. (Sentencing Transcript (ST) 17). The court reviewed the guidelines calculation and stated that based on a total offense level of 29 and a criminal history category of V, Mr. Adams faced a guideline range of 140 to 175 months' imprisonment. (ST 18).

Prior to imposing sentence, the district court heard from counsel and afforded Mr. Adams the opportunity to speak on his own behalf. (ST 19–29). The Government took no position as to what sentence should be imposed. (ST 29). Mr. Adams sought a sentence of 140 months' imprisonment—the low end of the guideline range. (ST 19).

In support of a low-end sentence, appointed counsel submitted that Mr. Adams had assisted the Government in gathering evidence against his coconspirators and had given a statement admitting his involvement and

4

accepting responsibility for his crime. (ST 19). With regard to Mr. Adams's criminal history, counsel argued that drug addiction had "driven his criminality." (ST 28). Counsel submitted that a sentence at the low end of the guidelines range would be sufficient, but not greater than necessary, to serve the goals of sentencing in this case. (ST 29).

The court also heard from Mr. Adams. (ST 19–26). Mr. Adams apologized to the Court for his crimes and explained that being in prison for 16 months had helped him to "grow up and see what life is." (ST 19). He stated that he had been pampered by his mother for most of his life, but that he had not had that during the preceding 16 months, which had forced him to mature. (ST 19–20). He further stated that seeing his own son following in his footprints made him "open [his] eyes up." (ST 20). He submitted to the court that he would like to have the chance to get out and be a role model for his sons and grandchildren. (ST 24–25).

The Court confronted Mr. Adams about his criminal history, stating, "What it looks like to me, Mr. Adams, is you just live your life just having a good time and not giving a damn about anything else. That's what it looks like." (ST 22). Mr. Adams admitted, "I did sir. I'm not here to lie to you. I did." (ST 22). The court reiterated,

5

> You're not a first time offender. You're a 30 time offender. And simply telling me, "Well, my momma isn't giving me money anymore," man, you're 40 years old. Talking about, "My momma didn't give me no money while I was in prison," everybody in this courtroom is laughing at you. How many of you in here get money from your momma at 40? Nobody.

(Tr. 23). The court noted, however, that Mr. Adams's prior offenses were "nuisance offenses" as opposed to violent crimes. (Tr. 25). And the court also took into account Mr. Adams's age. (Tr. 25–26).

In light of the facts and circumstances, the court ultimately sentenced Mr. Adams to 175 months' imprisonment—the high end of the advisory guideline range. The district court explained:

> [Y]ou are what you are on paper. Now, the question is, do I -- I'm not going to give him an above the guidelines range. I don't think that would be warranted at all considering the posture of this case. The question is, there's 140 and . . . 175[.] . . . Where do I go? . . . I think with your history, I've got to do the high end. So that's what I'm going to do.

(Tr. 30). The court also imposed five years of supervised release. (Tr. 30–31)

The 175-month term of imprisonment that the court imposed was the highest sentence within Mr. Adams's advisory guidelines range. This appeal follows.

6

Appellate Case: 13-2353     Page: 10     Date Filed: 08/15/2013 Entry ID: 4065577

## SUMMARY OF THE ARGUMENT

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), appointed counsel is filing a no-merit brief. Any potential meritorious issues pertaining to the substantive reasonableness of the sentence are reviewed in detail in the Argument section below.

Counsel requests that this Court grant counsel leave to withdraw from any further representation of Mr. Adams. Counsel also asks that the court review the entire record to determine whether any non-frivolous issues for appeal exist, and, if so, that the Court appoint counsel to pursue those issues on behalf of Mr. Adams, so that all of his rights are protected and preserved.

# ARGUMENT

## I. The Sentence Imposed is Substantively Unreasonable.

### A. Standard of Review

This Court "'review[s] all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard.'" *United States v. Martinez*, 557 F.3d 597, 599–600 (8th Cir. 2009) (quotation omitted). "On appeal, [this Court] may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). If this Court determines that the district court's decision is procedurally sound, it must "then consider the substantive reasonableness of the sentence imposed . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007).

A defendant's "failure to object at the sentencing hearing does not limit [the Court's] review of the substantive reasonableness of the sentence to plain error." *United States v. Linderman*, 587 F.3d 896, 900 (8th Cir. 2009). Thus, this Court reviews the substantive reasonableness of a sentence "under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. "A district court abuses its discretion by failing to consider a relevant factor, giving significant weight to an irrelevant factor, or committing a clear error of judgment in weighing the

8

relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case." *United States v. Jones*, 507 F.3d 657, 659 (8th Cir. 2007). The defendant "bears the burden of proving that his sentence is unreasonable." *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009).

### B. Discussion

Mr. Adams contends that the sentence imposed by the district court is substantively unreasonable because the court abused its discretion, even though his sentence was within the calculated guideline range and below the maximum allowed by statute. "A sentence falling within the applicable guideline range may be presumed to be substantively reasonable." *Linderman*, 587 F.3d at 901; *see also Rita v. United States*, 551 U.S. 338, 347 (2007). Nonetheless, a presumptively reasonable sentence within the Guidelines range may still be unreasonable if the district court fails to consider a relevant factor, gives significant weight to an improper factor, or commits a clear error of judgment in weighing the factors. *United States v. Tobacco*, 428 F.3d 1148, 1151 (8th Cir. 2005).

In the instant case, the district court sentenced Mr. Adams to 175 months' imprisonment, a sentence he argues is excessive. Mr. Adams believes that the court did not properly weigh and consider his arguments for lenience. Mr.

9

Adams contends that the district court should have imposed a low-end guidelines sentence based on his cooperation and acceptance of responsibility. Mr. Adams also argues that the court committed a clear error of judgment in weighing the sentencing factors, placing too much emphasis on his addiction-fueled criminal history and not enough emphasis on the changes he made in his life after being incarcerated for the present offense.

Mr. Adams maintains that the district court's failure to impose a low-end guidelines sentence was unreasonable. He further contends that the 175-month sentence imposed is "greater than necessary[ ] to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2). Mr. Adams therefore submits that his sentence should be vacated because it is substantively unreasonable and that the matter should be remanded for resentencing.

## CONCLUSION

For the foregoing reasons, Mr. Adams requests that his sentence be vacated and his case remanded for resentencing. Appointed counsel respectfully requests that this Court grant counsel leave to withdraw from pursuing this appeal any further. Counsel asks the Court to review the entire record to determine whether there exists any non-frivolous issues for appeal, and, if so,

to appoint counsel to pursue those issues on behalf of the Appellant, so his rights are protected and preserved.

                                  Respectfully submitted,
JENNIFFER HORAN
FEDERAL DEFENDER

JUSTIN EISELE
Assistant Federal Public Defender

By: /s/ *Chelsea Wilson Cash*
Chelsea Wilson Cash
Apellate Lawyer
Federal Public Defender Office
The Victory Building, Suite 490
1401 West Capitol Avenue
Little Rock, AR 72201
(501) 324-6113

E-mail: chelsea_cash@fd.org

# CERTIFICATE OF SERVICE/COMPLIANCE

    I hereby certify that on August 15, 2013, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify that the brief has been scanned for viruses and is virus-free. I further certify that the full text of this brief was prepared in WordPerfect X6, font Book Antiqua, size 14, and that this brief contains 1,722 total words.

                                                /s/ *Chelsea Wilson Cash*
                                                Chelsea Wilson Cash

Appellate Case: 13-2353    Page: 16    Date Filed: 08/15/2013 Entry ID: 4065577